UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REV. DANIELLE FEY,

    Plaintiff,

  v.

BOARD OF PENSIONS OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, doing business as PORTICO BENEFIT SERVICES and EVANGELICAL LUTHERAN CHURCH IN AMERICAN DISABILITY BENEFITS PLAN,

    Defendants.

No. C 19-05914 WHA

**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE**

In this action to enforce non-ERISA disability benefits, the agreement contains a mandatory forum-selection clause, so the motion to transfer is **GRANTED**.

Plaintiff Reverend Danielle Fey worked as a pastor and participated in the Lutheran Church's group benefits plan. Defendant is the Board of Pensions of the Evangelical Church in America, doing business as Portico Benefit Services and Evangelical Lutheran Church in American Disability Benefits Plan. The agreement between Fey and the Board is a Church plan and thus not regulated by ERISA. After Fey became unable to work due to fibromyalgia and chronic fatigue, the Board terminated her benefits. Fey appealed the termination and underwent three levels of internal administrative review. The Board receives and considers all appeals of benefit termination claims at its office in Minnesota (Decl. of Catherine Brody at 2).

1   The Board reviewed and affirmed the termination each time. Fey then sued here, alleging
2   breach of contract, bad faith, intentional inflection of emotional distress, and unlawful
3   transaction of disability insurance. Defendant now moves to transfer the action to Minnesota.
4   The motion to transfer was based upon the "Court System" provision found in the Plan
5   document. The provision reads (Compl. at 67):

> **Section 10.04 Appeals Procedure: Court System:** In the event an individual has exhausted the appeals procedure . . . and is dissatisfied with the final decision of the Appeals Committee of Portico Benefit Services, s/he may initiate legal action in the Minnesota Fourth Judicial District Court, Hennepin County. Any removal of such action must be to the United States Court for the District of Minnesota (emphasis added).

10  At the hearing, the Court on its own motion requested supplemental briefing on the
11  extent to which Plan documents specified that Minnesota law would apply, a point that no
12  party had bothered to raise.
13  When the supplemental briefing came in, the following additional provision identified in
14  the Plan specified not only that Minnesota law would apply but also that all lawsuits shall be
15  submitted in Minnesota (Compl. at 66):

> **Section 10.03 Rules of Construction and Applicable Law:** The Disability Benefits Plan shall be construed and administered according to the laws of the State of Minnesota to the extent that such laws are not preempted by the laws of the United States of America. All controversies, disputes, and claims arising hereunder shall be submitted to the Minnesota Fourth Judicial District Court, Hennepin County (emphasis added).

20  Forum-selection clauses are mandatory and enforceable when the language "clearly
21  requir[es] exclusive jurisdiction." Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75,
22  77 (9th Cir. 1987). Our court of appeals identified exclusive and thus mandatory language in a
23  comparable provision reading, "venue of any action brought hereunder shall be deemed to be
24  in Gloucester County, Virginia." *Docksider Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 763
25  (9th Cir. 1989).
26  It is surprising that neither side identified this provision until the supplemental briefing.
27  Nevertheless, it is quite clear that the Plan requires all controversies, disputes, and claims to be
28  raised in Minnesota. Although the provision mandates filing suit in Minnesota state court, the

2

practical thing to do now is transfer to the District of Minnesota, inasmuch as the other cited provision requires cases brought in Minnesota to be removed to the United States District Court for the District of Minnesota.

The Court is disappointed that counsel wasted their time (and the Court's time) arguing over the permissive "Court System" provision, when there was a mandatory forum-selection provision on the page immediately prior in the materials. Much time was wasted.

For the aforementioned reasons, defendant's motion to transfer venue is **GRANTED**. The Clerk shall **TRANSFER** this case to the United States District Court for the District of Minnesota and **CLOSE THE FILE** here.

**IT IS SO ORDERED.**

Dated: February 14, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE